U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

AUG 13 2004

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| THE ESTATE OF DAVID RECUPERO, <br> Susan Recupero, Administratrix, <br> SUSAN RECUPERO, <br> And <br> THE REMAINING HEIRS AND <br> SURVIVING CHILDREN OF DAVID <br> RECUPERO: David Recupero, Daniel <br> Recupero, Rebekah Recupero, <br> Priscilla Recupero, Jonathan Recupero, <br> Lydia Recupero, Andrew Recupero, <br> Samuel Recupero, by and through their next <br> friend and mother Susan Recupero, <br><br>     Plaintiffs <br><br> ADEEB JOHN WILLIAMS, individually and <br> in his official capacity as part time police <br> officer of the Town of Deering, New Hampshire, <br><br> THE TOWN OF DEERING, a municipality in <br> the State of New Hampshire, <br><br>     Defendants | Civil Case, No: 01:03-CV-00129-M |

## INTRODUCTION

1. This is an action for the violation of David Recupero's civil rights as guaranteed

   by 42 U.S.C. § 1983 and related state tort claims, arising out of his motor vehicle

   stop on October 18, 2001, and seizure for allegedly refusing to provide his

   license and registration, resulting in his wrongful death.

## THE PARTIES

2. The Estate of David Recupero is the lawful representative of the deceased and

   bears the Probate Docket Number of 2002-2020 in the Hillsboro Probate Court.

1

3. Susan Recupero is the Administratrix of the Estate of David Recupero, his widow, and the mother of the eight surviving children of the deceased. She resides at 126 Peterwood Hill Road, Deering, New Hampshire.

4. The surviving children and their ages on October 18, 2001 are:  David Recupero, age 18, Daniel Recupero, age 16, Rebekah Recupero, age 14, Priscilla, age 12, Jonathan, age 8, Lydia, age 6, Andrew, age 3 and Samuel, age one week.

5. Defendant, Adeeb John Williams was a part-time police officer employed by the Town of Deering, New Hampshire and a resident of the City of Concord, New Hampshire.

6. All actions taken by Defendant Williams alleged herein were taken within the scope of his employment by the Town of Deering.

7. The Defendant Town of Deering is a municipality and governmental unit organized under the law of the State of New Hampshire and located within Hillsborough County, New Hampshire.

## JURISDICTION

8. This matter is brought before the District Court for the United States pursuant to its federal question jurisdiction under 28 U.S.C. §§ 1331 and 42 U.S.C. §§ 1983 and its supplemental jurisdiction over related state claims pursuant to 28 U.S.C. §1367.

## VENUE

9. This district is proper because all acts alleged occurred within the District of New Hampshire.

## **ALLEGATIONS COMMON TO ALL COUNTS**

10.    On the night of October 18, 2001, David Recupero was driving with his
daughter Rebekah as a passenger to pick up his son David from work.

11.    He was driving northerly on Route 149 within the speed limit.

12.    He had not consumed any alcohol.

13.    At approximately 8:30 p.m., he was stopped by a cruiser driven by Defendant
Williams south of the Deering town center.

14.    The location of the stop was wooded and unilluminated.

15.    Defendant Williams' stated reason for the stop was that Mr. Recupero was
driving in excess of the authorized speed limit of 40 mph.

16.    The actual speed of the Recupero vehicle prior to the stop was
approximately 35 mph.

17.    After Mr. Recupero saw the flashing lights on Defendant Williams' cruiser, he
pulled his vehicle to the side of Route 149, brought it to a stop, and turned off
the ignition.

18.    Defendant Williams stopped his cruiser approximately 100 feet behind Mr.
Recupero's vehicle and approached the Recupero vehicle on foot.

19.    Before leaving his cruiser, he called Hillsboro dispatch at 8:37 p.m.

20.    Defendant Williams demanded that Mr. Recupero provide him with his driver's
license and motor vehicle registration.

21.    Mr. Recupero removed his wallet from his pants' back pocket for the purpose
of producing his license and registration.

3

22.   Defendant Williams falsely accused Mr. Recupero of driving at an excessive rate of speed and drinking, which Mr. Recupero denied.

23.   Mr. Recupero questioned whether Defendant Williams was an actual police officer and asked him to confirm his identity.

24.   Defendant Williams refused to provide his name or any identification.

25.   Mr. Recupero told Rebekah that he did not think Defendant Williams was a real officer and asked her to call 9-1-1 to confirm that he was a police officer.

26.   Defendant Williams ordered Ms. Recupero not to call.

27.   Ms. Recupero dialed 9-1-1 but was unable to get through.

28.   After Mr. Recupero questioned Defendant Williams' identity as a police officer, Defendant Williams' manner became agitated and unprofessional.

29.   Defendant Williams reached into the Recupero vehicle and removed the ignition key.

30.   Defendant Williams grabbed Mr. Recupero by the arm and yanked him out of the vehicle while telling him to step out of the vehicle.

31.   Prior to physically removing Mr. Recupero from the vehicle, Defendant Williams did not give him a reasonable opportunity to get out of the vehicle of his own volition.

32.   As Mr. Recupero was being pulled out of the vehicle, he complained of difficulty breathing and pleaded with Defendant Williams not to harm his daughter.

33.   Mr. Recupero did not physically resist being removed from the vehicle.

34.   Rebekah Recupero used a cell phone to try to call her mother but was unable to get through.

4

35.   After yanking Mr. Recupero from the vehicle, Defendant Williams physically turned Mr. Recupero around so that he was facing the vehicle and slammed him against it.

36.   Defendant Williams' actions in arresting and using excessive force against Mr. Recupero were in retaliation for his questioning whether Defendant Williams was a bona fide police officer.

37.   While he was being assaulted by Defendant Williams, Mr. Recupero again complained of shortness of breath and said that he felt faint.

38.   At no time did Mr. Recupero physically resist Defendant Williams.

39.   After Mr. Recupero was slammed against the vehicle, he collapsed to the ground.

40.   He lay on the ground groaning and unsuccessfully attempted to get up.

41.   Mr. Recupero had coronary artery disease.

42.   Defendant Williams' actions in physically removing Mr. Recupero from the vehicle and slamming him against its side caused him to suffer a fatal cardiac arrhythmia.

43.   Rebekah Recupero cradled her father's head in her lap as he lost consciousness.

44.   Defendant Williams was verbally abusive toward Rebekah Recupero for getting out of the car and not warning him that her father had a cardiac condition.

45.   Defendant Williams returned to his cruiser and radioed for backup assistance at 8:39 p.m.

5

46.   The amount of time that elapsed between Defendant Williams' initial call before leaving his cruiser and his call for backup after the assaults was two minutes.

47.   When Defendant Williams called the Hillsboro dispatch, he claimed that Mr. Recupero was "faking injury."

48.   The first responders, Officers Bohannon and Remillard, from the Hillsboro Police Department reached the scene of the stop on or about 8:44 p.m.

49.   At no time between Defendant Williams' call for backup at 8:39 p.m. and the arrival of the Hillsboro officers at 8:44 p.m. was CPR or other medical assistance rendered to Mr. Recupero.

50.   After Sergeant Remillard arrived at the stop, he took Mr. Recupero's vital signs and discovered that he was not breathing and had no pulse.

51.   Sergeant Remillard ordered the initiation of CPR.

52.   Subsequent efforts to revive Mr. Recupero were unsuccessful and he was declared dead at Concord Hospital.

53.   Defendant Williams subsequently claimed that he arrested Mr. Recupero for refusing to provide his license and registration.

54.   At no time did Mr. Recupero refuse to provide these documents.

55.   Mr. Recupero was not given a reasonable time to produce them prior to his seizure.

56.   Defendant Williams acted with malice or reckless indifference to Mr. Recupero's federally protected rights.

### COUNT I -- 42 U.S.C. § 1983: UNREASONABLE SEARCH AND SEIZURE
(against Defendant Williams)

56.     The action of Defendant Williams in stopping David Recupero for alleged

excessive speed when he was driving within the speed limit violated David

Recupero's rights under the Fourth Amendment against unreasonable

searches and seizures.

### COUNT II – 42 U.S.C. § 1983: UNREASONABLE SEARCH AND SEIZURE
(against Defendant Williams)

57.     The actions of Defendant Williams in arresting David Recupero for failing to

provide his license and registration pursuant to RSA 265:4 which makes it a

misdemeanor to refuse upon demand to produce license or registration

where Mr. Recupero never refused to provide these documents and was not

given a reasonable opportunity to do so violated his rights under the Fourth

Amendment against unreasonable search and seizure.

### COUNT III – 42 U.S.C. § 1983:  UNREASONABLE SEARCH AND SEIZURE
### EXCESSIVE FORCE

(against Defendant Williams)

58.     The actions of Defendant Williams in physically yanking Mr. Recupero out of

his vehicle without giving him a reasonable opportunity to leave the vehicle

on his own volition and then slamming him against the side of the vehicle

constituted the use of objectively unreasonable excessive force in violation of

Mr. Recupero's right against unreasonable search and seizure.

7

## COUNT IV – 42 U.S.C. § 1983: RETALIATION AGAINST PROTECTED SPEECH
### (against Defendant Williams)

59.   Mr. Recupero had a right of free speech under the First Amendment to question whether Defendant Williams was a bona fide police officer.

60.   Defendant Williams' actions in retaliating against Mr. Recupero for his speech by arresting him and utilizing excessive force against him violated Mr. Recupero's right of free speech.

## COUNT V – 42 U.S.C. § 1983: DUE PROCESS AND FIRST AMENDMENT
### (against Defendant Williams)

61.   The actions of Defendant Williams in violating the constitutional rights of David Recupero resulting in his death deprived Susan, David, Daniel, Rebekah, Priscilla, Jonathan, Lydia, Andrew and Samuel Recupero of their right under the Due Process clause and the First Amendment to associate with their husband and father.

## COUNT VI – ASSAULT AND BATTERY
### (against Defendants Williams and Town of Deering)

62.   The actions of Defendant Williams in unnecessarily and without reasonable justification physically yanking Mr. Recupero out of his vehicle and slamming him against it violated Mr. Recupero's rights against unconsented physical touching.

63.   The Town of Deering is responsible *respondeat superior* for these acts.

### COUNT VII:  FALSE ARREST
(As against Defendants Williams and Town of Deering)

65.   The actions of Defendant Williams in arresting Mr. Recupero for violating RSA
      265:4 without probable cause to believe in its violation constituted false
      arrest.

66.   The Town of Deering is responsible *respondeat superior* for Mr. Recupero's
      false arrest.

### COUNT VIII: NEGLIGENCE
(As against Defendants Williams and Town of Deering)

67.   Defendant Williams had a duty to Mr. Recupero to act with reasonable care
      in carrying out his duties as a law enforcement officer.

68.   Defendant Williams violated his duty of reasonable care by doing the
      following:

      a.  Stopping Mr. Recupero for alleged excessive speed when he was
          traveling within the speed limits.

      b.  Failing upon request to confirm his identity as an officer employed by
          the Town of Deering.

      c.  Telling Rebekah Recupero not to call 9-1-1.

      d.  Becoming agitated as a result of having his indentity as a police officer
          questioned.

      e.  Failing to utilize any technique to defuse the conflict.

      f.  Failing to call for backup assistance prior to taking physical action
          against Mr. Recupero.

9

    g. Placing Mr. Recupero under arrest for refusing to provide his license and registration even though Mr. Recupero had not refused, without giving Mr. Recupero a fair opportunity to provide those documents.

    h. Physically hauling Mr. Recupero out of the vehicle without giving him a fair opportunity to leave on his own volition.

    i. Using excessive force against Mr. Recupero although Mr. Recupero provided no resistance.

    j. Ignoring Mr. Recupero's complaints of difficulty breathing and faintness.

    k. Failing to administer CPR to Mr. Recupero until the arrival of officers from the Hillsboro Police Department.

68. The above actions and omissions proximately caused the death of Mr. Recupero.

69. Defendant Deering is responsible *respondeat superior* for the above actions and omissions committed by Defendant Williams.

## COUNT IX: INFLICTION OF EMOTIONAL DISTRESS
(As against Defendants Williams and Town of Deering)

70. Defendant Williams acted in an extreme and outrageous manner in causing the death of David Recupero.

71. Through his actions, Defendant Williams intentionally, negligently and/or recklessly caused severe emotional distress to Susan and Rebekah Recupero who viewed David Recupero as he lay dying at the scene and in the ambulance.

10

72.     Defendant Deering is responsible *respondeat superior* for the acts of Defendant
        Williams.

## COUNT X: WRONGFUL DEATH
(As against Defendants Williams and Town of Deering)

73.     The acts committed by Defendants Williams and Deering against David
        Recupero resulted in his wrongful death pursuant to RSA 556:12.

WHEREAS, Plaintiffs respectfully request they be awarded the following items of
relief:

A.      Compensation for the mental and physical pain suffered by the decedent David
        Recupero.

B.      The reasonable expenses incurred to the Estate of David Recupero by his death
        including his loss of enjoyment of life and capacity to earn money during his
        probable working life.

C.      Compensation to Susan Recupero for the loss of comfort, society and
        companionship of the decedent David Recupero.

D.      Compensation to the surviving children David, Daniel, Rebekah, Priscilla,
        Jonathan, Lydia, Andrew and Samuel Recupero for the loss of familial
        relationship with David Recupero.

E.      Compensation to Susan and Rebekah Recupero for their emotional distress.

F.      Enhanced compensatory damages.

G.      Punitive damages.

H.      Prejudgment interest.

I.      Plaintiff's reasonable attorneys' fees and costs.

11

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury of all issues triable.

Respectfully submitted,

ESTATE OF DAVID RECUPERO et als,

By Their Attorneys:

BACKUS, MEYER, SOLOMON
& BRANCH, LLP

Dated: 7/ 16/ 2004

By: _____
    Jon Meyer, Esquire
    116 Lowell St., P. O. Box 516
    Manchester, NH  03105
    (603) 668-7272

    Michael J. Walsh, Esquire
    P. O. Box 1162
    South Lancaster, NH  01561

12